UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| **INLINE.ME, LLC d/b/a ASCENT INTERNET MARKETING** | : | **CASE NO. 1:11-cv-00070** |
| **10765 READING ROAD** | : | |
| **CINCINNATI, OHIO 45241** | : | **JUDGE** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **JUSTDROPPED.COM, INC.** | : | |
| **10045 GROVE LANE** | : | |
| **COOPER CITY, FLORIDA 33328** | : | |
| | : | |
| and | : | |
| | : | |
| **DANIEL RUBIN** | : | |
| **2211 102ND DRIVE** | : | |
| **DAVIE, FLORIDA 33324** | : | **COMPLAINT** |
| | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **SERVE:** | : | |
| **DANIEL RUBIN** | : | |
| **JUSTDROPPED.COM, INC.** | : | |
| **10045 GROVE LANE** | : | |
| **COOPER CITY, FLORIDA 33328** | : | |
| | : | |
| and | : | |
| | : | |
| **DANIEL RUBIN** | : | |
| **2211 102ND DRIVE** | : | |
| **DAVIE, FLORIDA 33324** | : | |

For its Complaint against Defendants JustDropped.com, Inc. ("JustDropped") and Daniel Rubin ("Rubin") (together, "Defendants") Plaintiff inline.me, LLC d/b/a Ascent Internet Marketing ("Ascent") states as follows:

## NATURE OF THE ACTION

1. This is a Complaint for declaratory judgment, tortious interference with business relationships, and unfair competition, and deceptive trade practices.  Ascent and JustDropped are competitors in the business of selling Internet domain names.  JustDropped and its president, Daniel Rubin, are unhappy that Ascent has become a successful competitor and are attempting to drive Ascent out of the business through an improper campaign of harassment and illegal tactics designed to harm Ascent's reputation and interfere with Ascent's lawful competition with JustDropped.  By way of example, Defendants have published false and misleading information about Ascent, interfered with Ascent's relationship with its internet service provider, and threatened to sue Ascent for copyright infringement, trademark infringement, and violation of California's Anti-Phishing Act.  Ascent seeks declaratory judgment that it has not violated United States copyright or trademark laws, or California's anti-phishing statute.  Ascent also seeks monetary damages for Defendants' tortious interference with Ascent's business relationships, unfair competition, and deceptive trade practices.

## PARTIES

2. Ascent is an Ohio limited liability company with its principal place of business at 10765 Reading Road, Cincinnati, Ohio 45241.

3. JustDropped is a Florida corporation with its principal place of business at 10045 Grove Lane, Cooper City, Florida 33328.

4. Rubin is the president of JustDropped.  He is a citizen of Florida, who on information and belief resides at 2211 102nd Drive, Davie, Florida 33324.

## JURISDICTION AND VENUE

5. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 because the case involves federal questions, including the interpretation and application of 17 U.S.C. §§ 501 *et seq.* and 15 U.S.C. §§ 1117 *et seq.* The Court has supplemental jurisdiction over all other claims under 18 U.S.C. § 1367(a).

6. The Court also has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendants pursuant to Ohio Rev. Code § 2307.382 because they transact business in Ohio and caused tortious injury in Ohio. Defendants are doing business in this judicial district at least by the use of an interactive website and transacting of business through that site.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

9. Internet domain names are a valuable commodity. Businesses and individuals secure the right to use domain names by registering those names through Internet Corporation for Assigned Names and Numbers ("ICANN"), which is responsible for managing the Domain Name System ("DNS"). Registrations typically are obtained through registrars. For a fee, registrars handle the technical process of registering a particular domain name with DNS. The period of a registration can vary in length, but cannot exceed 10 years.

10. DNS registration information is publicly available through "Whois," the database of DNS registrations maintained by ICANN through its InterNIC website. Among other information, Whois provides contact information for the party responsible for the registration the expiration date of the registration.

11. Ascent and JustDropped are not registrars. They are two of many competing companies that use the publicly available information from Whois to market domain names for sale to customers. Each day, Ascent and JustDropped send out emails soliciting available domain names for customers to purchase. Ascent sends targeted emails to specific email addressees that Ascent believes might be interested in particular domain names. JustDropped sends lists of domain names to subscribers to its email list.

12. Recently, Defendants have undertaken a campaign to injure Ascent and attempt to drive it out of business. JustDropped and Rubin, or individuals at Rubin's encouragement and direction, have spread false information about Ascent and its personnel (disparaging individuals by name) through email and on the Internet. Among other things, Defendants falsely claim in customer emails that Ascent "has copied [JustDropped's] newsletter format" and is "harvesting emails." And on their website blog, Defendants falsely claim that Ascent and its personnel "STOLE [JustDropped's] newsletter format and is now using it to SPAM."

13. In the same blog entry, Defendants admit that they are actively trying to harm Ascent by interfering with Ascent's business relationship with its internet service provider. They state that they are "working closely with [Ascent's] upstream provider to get their servers and emails taken down."

14. On information and belief, Defendants caused Ascent's internet service provider to cease permitting Ascent to send out its marketing emails beginning on or about January 20, 2011. Defendants' actions have caused Ascent significant damage because it has severely limited Ascent's ability to communicate with its customers and conduct its business. This damage is continuing today.

15. Rubin also has engaged legal counsel to further their campaign against Ascent. On January 26, Rubin's counsel repeats some of Rubin's false allegations. The letter claims that Ascent is unlawfully using JustDropped's trademarked and copyrighted material in effort to pass itself off as JustDropped. Rubin threatens to sue Ascent on that basis.

16. Defendants, however, admit that they "do not have any rights to a specific style or format of newsletter." Regardless, Ascent does not use JustDropped's style or format.

17. Ascent has not used any copyrighted or trademarked material of JustDropped. The JustDropped logo does not appear on any Ascent emails or websites. There is no confusing similarity between JustDropped's and Ascent's logos, designs, graphics, or other brand indicia.

18. The letter from Rubin's counsel also alleges that Ascent has violated California's Anti-Phishing Act, which makes it "unlawful for any person, by means of a Web page, electronic mail message, or otherwise through use of the Internet, to solicit, request, or take any action to induce another person to provide identifying information by representing itself to be a business without the authority of the business." Cal. Bus. & Prof. Code § 22948.2. The Anti-Phishing Act is designed to protect consumers from identity theft.

19. Ascent has not violated the Anti-Phishing Act. Ascent does not represent itself to be another company. It does not request that persons provide identifying information under the guise of being another company. And it does not steal or otherwise use the identity of others.

## COUNT ONE
## DECLARATORY JUDGMENT
## (TRADEMARK INFRINGEMENT)

20. Ascent incorporates all of the foregoing allegations as if fully rewritten here.

21. A controversy has arisen and does exist between the parties as to whether Ascent has infringed on JustDropped's trademark rights under 15 U.S.C. §§ 1117 *et seq*.

5

22. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Ascent is entitled to a judicial declaration that it is not infringing on JustDropped's trademark rights.

23. Ascent requests that the Court declare that it has not infringed on JustDropped's trademark rights and that Defendants are not entitled to any damages for any alleged infringement.

24. Ascent asks that the Court order a speedy hearing of this action under Fed. R. Civ. P. 57.

## COUNT TWO
## DECLARATORY JUDGMENT
## (COPYRIGHT INFRINGEMENT)

25. Ascent incorporates all of the foregoing allegations as if fully rewritten here.

26. A controversy has arisen and does exist between the parties as to whether Ascent has infringed on JustDropped's copyright under 17 U.S.C. §§ 501 *et seq*.

27. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Ascent is entitled to a judicial declaration that it is not infringing on JustDropped's copyright.

28. Ascent requests that the Court declare that it has not infringed on JustDropped's copyright and that Defendants are not entitled to any damages for any alleged infringement.

29. Ascent asks that the Court order a speedy hearing of this action under Fed. R. Civ. P. 57.

## COUNT THREE
## DECLARATORY JUDGMENT
## (CALIFORNIA ANTI-PHISHING ACT)

30. Ascent incorporates all of the foregoing allegations as if fully rewritten here.

31. A controversy has arisen and does exist between the parties as to whether Ascent has violated California's Anti-Phishing Act of 2005, Cal. Bus. & Prof. Code §§ 22948.1 *et seq*.

32. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Ascent is entitled to a judicial declaration that it is not violating the Anti-Phishing Act.

33. Ascent requests that the Court declare that it has not violated the Anti-Phishing Act and that Defendants are not entitled to any damages for any alleged infringement.

34. Ascent asks that the Court order a speedy hearing of this action under Fed. R. Civ. P. 57.

## COUNT FOUR
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

35. Ascent incorporates all of the foregoing allegations as if fully rewritten here.

36. Defendants know of Ascent's business activities and business relationships, including Ascent's relationship with its internet service provider. Defendants know that this relationship is critical to Ascent's ability to conduct its business.

37. Defendants purposefully and without justification acted to interfere with Ascent's business relationships, which has damaged Ascent. Ascent is entitled to recover its damages.

## COUNT FIVE
## DECEPTIVE TRADE PRACTICES

38. Ascent incorporates all of the foregoing allegations as if fully rewritten here.

39. The Deceptive Trade Practices Act, Ohio Rev. Code §§ 4615.01 *et seq.*, makes it unlawful for an entity to engage in deceptive trade practices. Ohio Rev. Code § 4165.02 states that "(A) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person does any of the following: . . . (10) Disparages the goods, services, or business of another by false representation of fact." Ohio Rev. Code § 4165.03 entitles Ascent to injunctive relief, monetary damages, and attorneys' fees for violations of the Deceptive Trade Practices Act.

40. Defendants made false representations on fact in emails and on the Internet that have disparaged the goods, services, and business of Ascent.

41. Ascent has been damaged by Defendants' deceptive trade practices and is entitled to recover its damages.

## COUNT SIX
## UNFAIR COMPETITION

42. Ascent incorporates all of the foregoing allegations as if fully rewritten here.

43. Defendants have engaged in common law unfair competition by falsely disparaging Ascent and its goods and services in an effort to force Ascent out of business.

44. Ascent has been damaged by Defendants' unfair competition and is entitled to recover its damages.

WHEREFORE, Ascent respectfully prays for judgment in its favor and against Defendants as follows:

A. Declare that Ascent has not violated 17 U.S.C. §§ 501 *et seq*., 15 U.S.C. §§ 1117 *et seq*., or Cal. Bus. & Prof. Code §§ 22948.1 *et seq*., and that Defendants are not entitled to any relief in that regard;

B. Award Ascent all available compensatory damages, statutory damages, and punitive damages, plus attorneys' fees, interest, costs, and expenses, in an amount to be determined at trial;

C. Permanently enjoin Defendants from (1) disparaging in any way Ascent or its personnel, (2) interfering with Ascent's business relationships, and (3) disseminating false information about Ascent; and

D. Award Ascent, pre- and postjudgment interest, and any and all other relief deemed necessary and equitable.

Respectfully submitted,

*/s/ Russell S. Sayre*
Russell S. Sayre (0047125)
Aaron M. Herzig (0079371)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 (fax)
sayre@taftlaw.com
herzig@taftlaw.com
Attorneys for Plaintiff
  Inline.me, LLC d/b/a Ascent Internet Marketing

## JURY DEMAND

Ascent demands a trial by jury on all issues so triable.

*/s/ Russell S. Sayre*